**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10472 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00212-DCB-BPV-4 |
| v. | |
| DWAYNE LEQUIRE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted January 14, 2014[**]
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and RESTANI, Judge.[***]

Dwayne Lequire appeals from the district court's denial of his motion for

attorney fees under the Hyde Amendment, 18 U.S.C. § 3006A, after our court

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

reversed his convictions for embezzlement and conspiracy to commit embezzlement under 18 U.S.C. §§ 1033 and 371. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the denial of attorney fees under the Hyde Amendment for abuse of discretion. *United States v. Lindberg*, 220 F.3d 1120, 1124 (9th Cir. 2000). "[U]nder the Hyde Amendment, a victorious defendant may be able to recover legal fees upon showing that the position of the United States was either vexatious, frivolous or in bad faith." *United States v. Capener*, 608 F.3d 392, 400–01 (9th Cir. 2010). To prevail, such a defendant must make a showing of "prosecutorial misconduct, not prosecutorial mistake." *Id.* at 401 (citation omitted). For purposes of the Hyde Amendment, a "frivolous" case is one that is "groundless" because the "government's position was foreclosed by binding precedent or so obviously wrong as to be frivolous." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003) (citation omitted).

The district court did not abuse its discretion in concluding that the prosecution was "based on a mistake in law" that was not disclosed until we, as a matter of first impression, defined the term "embezzlement" as used in 18 U.S.C. § 1033(b)(1) pursuant to Arizona law. *Capener*, 608 F.3d at 401; *see also United*

2

*States v. Lequire*, 672 F.3d 724, 729–31 (9th Cir. 2012). Thus, the government's case was not "frivolous" when filed.

Lequire also argues that the district court erred by denying the evidentiary hearing he requested. Reviewing for abuse of discretion, *Capener*, 608 F.3d at 400, we reject this argument. The district court did not abuse its discretion in concluding that there was no need for an evidentiary hearing, insofar as the briefs had provided Lequire with "ample opportunity" to present any evidence in support of his claim. *See Lindberg*, 220 F.3d at 1126.

**AFFIRMED.**